ACCEPTED
06-14-00099-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/28/2015 5:03:12 PM
DEBBIE AUTREY
CLERK

NO. 6-14-00099-CV

IN THE
COURT OF APPEALS
SIXTH DISTRICT OF TEXAS
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/28/2015 5:03:12 PM

DEBBIE AUTREY
Clerk

---

RICHARD PARKER,

Appellant,

VS.

JOANN PARKER NEAL,

Appellee.

---

Appeal from the 276th District Court of Camp County, Texas
Honorable Robert Rolston, Judge Presiding

---

REPLY BRIEF OF
APPELLANT RICHARD PARKER

---

Submitted by:

TOM S. McCORKLE
Tefteller Law, PLLC
403 West Tyler
Gilmer, Texas 75644
Tel  903-843-5678
Fax 903-680-2310

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES.................................................................. ii

ISSUE PRESENTED (in response)............................................. 1

ARGUMENT AND AUTHORITIES....................................... 1

PRAYER................................................................... 3

CERTIFICATE OF SERVICE................................................. 4

# INDEX OF AUTHORITIES

Page

CASES

*Campbell v. Groves,* 774 S.W.2d 717 (Tex.App.
5 Dist., 1989, writ denied)................................................................... 3

*Croucher v. Croucher,* 660 S.W.2d 55 (Tex. 1983)..................................... 1, 2

*Horton v. Horton,* 965 S.W.2d 78,
(Tex.App., 2 Dist., 1998, no hist)....................................................... 2

*Long v. Long,* 196 S.W.3d 460, (Tex. App. 5
Dist. 2006, no hist.)............................................................................ 1

*Ponte et al v. Bustamante et al,* 2014 Tex. App.
LEXIS 13957 (Tex. App. Dallas, Dec. 31, 2014)............................... 3

## RESPONSE

In response to Appellee's assertion to the contrary, there is no probative evidence admitted that supports the Jury's finding that Nobie Florence Parker lacked testamentary capacity on February 15, 2006.


## ARGUMENT AND AUTHORITIES

Appellee has suggested that "some evidence" exists in the record that supports the Jury's finding that Nobie lacked testamentary capacity on the day the will was executed. (APPELLEE'S BRIEF p. 7-10). Appellant contends that there is no such evidence in the record.

Evidence of the testator's state of mind at times before or after the day of execution can be used to prove his state of mind on the day of execution provided the evidence demonstrates a condition affecting his testamentary capacity was persistent and likely was present at the time the will was executed. *Long v. Long,* 196 S.W.3d 460, 464-466 (Tex. App.5 Dist. 2006, no hist.). Such evidence adduced must pass two tests: First, was the evidence of the kind that would indicate lack of testamentary capacity? Second, if so, was that evidence probative of the testamentary capacity or lack thereof, on the day the will was executed? *Croucher v. Croucher,* 660 S.W.2d 55, 57 (Tex. 1983). Furthermore, the evidence provided by the will contestants must be of a satisfactory and convincing character, and probate will not be set aside on the basis of evidence that

1

creates only a suspicion of mental incapacity. *Horton v. Horton,* 965 S.W.2d 78, 85 (Tex.App., 2 Dist., 1998, no hist).

The evidence that was adduced at trial regarding the medical conditions of Nobie are enumerated by Dr. Trimble thus: Nobie suffered from "confusion" and "a foggy brain" resulting from her "brittle diabetes" and her difficulty controlling her blood sugar levels (RR vol.2 pp. 54, 56, 58, 76); Nobie suffered from "dementia" attributed to her multiple strokes (RR vol. 2 pp. 54, 56-57, 5, 59-60); and Nobie's "neurologic" system was not "stable." (RR vol. 2 p. 58). By examining the foregoing testimony including the remaining testimony of Dr. Trimble, clearly there is no evidence adduced that demonstrates any condition affecting Nobie's testamentary capacity was both persistent and likely was present at the time the will was executed. Applying the test set forth in *Croucher v. Croucher,* supra at 57, the denoted evidence is not such that would indicate a lack of testamentary capacity because there is no evidence that establishes that fact. But even if such evidence can be inferred, the second issue of whether such evidence is probative of the lack of testamentary capacity on the day the will was executed cannot be inferred from this evidence. There is no evidence whatsoever that even remotely connects these physical conditions to the day of execution on February 15, 2006..

The testimony of Dr. Trimble that Nobie did not have "sufficient mental ability to understand that she was making a will" or " the general nature and extent of her property"(CR 5; RR vol. 2 p. 71); did not know what she was doing (RR vol. 2. Pp.83-

2

84); and did would not "have had sufficient memory to collect in her mind........" is not probative evidence to support the finding of the jury because such evidence is conclusory *Campbell v. Groves,* 774 S.W.2d 717, 719 (Tex.App. 5 Dist., 1989, writ denied); *Ponte et al v. Bustamante et al,* 2014 Tex. App. LEXIS 13957 (Tex. App. Dallas, Dec. 31, 2014).

PRAYER

Appellant Richard Parker respectfully requests that this Court reverse the judgment of the Trial Court and render a judgment that Nobie Florence Parker is found to have executed her will on February 15, 2006, with testamentary capacity and free of undue influence and admitting said will to probate, and that Appellant recover his costs.

Respectfully submitted,

/s/ Tom S. McCorkle
TOM S. McCORKLE
State Bar No. 13453000
Tefteller Law, PLLC
403 West Tyler Street
Gilmer, Texas 75644
Tel: 903.843.5678
Fax: 903.680.2310

ATTORNEY FOR APPELLANTS

3

## CERTIFICATE OF COMPLIANCE

The undersigned attorney for appellants hereby certifies that this document contains 746 words.

/s/ Tom S. McCorkle
Tom S. McCorkle

## CERTIFICATE OF SERVICE

A true copy of the foregoing Brief of Appellant has been served upon the attorney for Appellee by electronic mail and by placing same in the U. S. Mail, postage prepaid and addressed to Lance W. Hinson, 311 East 16th Street, Mt. Pleasant, Texas 75455, and to Chad W. Ruback, 8117 Preston Road, Suite 300, Dallas, Texas 75225, on this 28th day of May, 2015.

/s/ Tom S. McCorkle
Tom S. McCorkle